UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

1ST TRANSPORT, LLC, d/b/a
TARA TRANS, a Florida Limited Liability
Company,

    Plaintiff,

v.

ACCESS 2 CARE, LLC, d/b/a
AMERICAN MEDICAL RESPONSE, INC.,
A Missouri Limited Liability Company,

    Defendant.

CASE NO.: 8:19-cv-02595

## CASE MANGEMENT REPORT

1.    Meeting of Parties:   Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on February 20, 2020 by telephone and was attended by:

        Derek P. Usman -   Counsel for Plaintiff
        Michael G. Austin -   Counsel for Defendant

2.    Initial Disclosures:

    a.   Fed. R. Civ. P. 26(a)(1) as amended December 1, 2000 provides that "[e]xcept in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information; (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in

the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P.26(a)(1).

The parties (check one)

<u>  X  </u>   have exchanged information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) or agree to exchange such information on or before

<u>  March 11, 2020  </u> (date).

_____   stipulate to not disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) for the specific reason(s) that:
_____
_____
_____
_____

have been unable to reach agreement on whether to disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D). (Identify party or parties) _____ objects to disclosure of such information for the specific reason(s) that:
_____
_____
_____

3. <u>Discovery Plan - Plaintiff</u>: The parties jointly propose the following Plaintiff's discovery plan:

   a. <u>Plaintiff's Planned Discovery</u>:

   (1) <u>Requests for Admission</u>:

Plaintiff anticipates serving and responding to requests for admission in accordance with Federal Rule of Civil Procedure 36.

   (2) <u>Written Interrogatories</u>:

Plaintiff anticipates serving and responding to interrogatories in accordance with Federal Rule of Civil Procedure 33 and Local Rule 3.03(a).

   (3) <u>Requests for Production or Inspection</u>:

Plaintiff anticipates serving and responding to requests for paper and electronic documents in accordance with Federal Rule of Civil Procedure 34.

    (4) <u>Oral Depositions</u>:

Plaintiff anticipates taking depositions in this case in accordance with Federal Rule of Civil Procedure 30 and Local Rule 3.02(b).  Because this case is in its infancy and the pleadings are not yet closed, Plaintiff is not yet in a position to identify the deponents from whom Plaintiff will seek deposition testimony.

   b. <u>Disclosure of Expert Testimony</u>: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here: October 1, 2020.

   c. <u>Supplementation of Disclosures and Responses</u>: Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided in a timely manner if Plaintiff learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

   d. <u>Completion of Discovery</u>: Plaintiff will commence all discovery in time for it to be completed on or before November 15, 2020.

  4. <u>Discovery Plan - Defendant</u>: The parties jointly propose the following Defendant's discovery plan:

   a. <u>Defendant's Planned Discovery</u>:

    (1) <u>Requests for Admission</u>:

Defendant anticipates serving and responding to requests for admission in accordance with Federal Rule of Civil Procedure 36.

    (2) <u>Written Interrogatories</u>:

Defendant anticipates serving and responding to interrogatories in accordance with Federal Rule of Civil Procedure 33 and Local Rule 3.03(a).

    (3) <u>Requests for Production or Inspection</u>:

Defendant anticipates serving and responding to requests for paper and electronic documents in accordance with Federal Rule of Civil Procedure 34.

    (4) <u>Oral Depositions</u>:

Defendant anticipates taking depositions in this case in accordance with Federal Rule of Civil Procedure 30 and Local Rule 3.02(b).  Because this case is in its infancy and the pleadings are not yet closed, Defendant is not yet in a position to identify the deponents from whom Defendant will seek deposition testimony.

      b.    <u>Disclosure of Expert Testimony</u>: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Defendant's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here: November 2, 2020.

      c.    <u>Supplementation of Disclosures and Responses</u>: Parties agree that Defendant's supplementation under Fed. R. Civ. P. 26(e) will be provided in a timely manner if Defendant learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

      d.    <u>Completion of Discovery</u>: Defendant will commence all discovery in time for it to be completed on or before December 1, 2020.

      e.    <u>Dispositive Motion Cutoff Date</u>: January 15, 2020

5.    <u>Third Party Claims, Joinder of Parties, Potentially Dispositive Motions</u>: Parties agree that the final date for filing motions for leave to file third party claims, motions to join parties should be June 22, 2020.

6.    <u>Settlement and Alternative Dispute Resolution</u>: Pursuant to Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement concerning their intent regarding Alternative Dispute Resolution:

Parties agree that settlement is
(check one)
  <u>  X  </u> likely
  <u>      </u> unlikely.

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b).
<u>   </u> yes     <u> X </u> no

If binding arbitration is not agreed to, the court may order non-binding arbitration pursuant to Chapter Eight of the Local Rules of the Middle District of Florida, mediation pursuant to Chapter Nine of the Local Rules of the Middle District of Florida, or both.

7.    The parties agree mediation will be completed by November 1, 2020.

8.    <u>Consent to Magistrate Judge Jurisdiction</u>: The parties agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial. See 28 U.S.C. § 636. Should parties agree to proceed before the Magistrate Judge the attached form must be completed and filed with the case management report.
<u>   </u> yes     <u> X </u> no

4

9. <u>Preliminary Pretrial Conference</u>:

    Track Two Cases: Parties
    \_\_\_\_ request  (check one)
     X   do not request
    a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case.

10. <u>Final Pretrial Conference and Trial</u>: Parties agree that they will be ready for a final pretrial conference on or after April 1, 2021 and for trial on or after April 21, 2021. This Jury trial is expected to take approximately 7 day(s).

11. Pretrial Disclosures and Final Pretrial Procedures: Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

Date: February 26, 2020

*/s/ Derek Usman*
Derek P. Usman, Esq.
The Usman Law Firm, P.A.
20701 Bruce B. Downs Blvd.
Suite 207
Tampa, FL 33607
Telephone:  (813) 377-1197
Facsimile: (312) 528-7684
Email: derek@usmanfirm.com
*Counsel for Plaintiff*

*/s/ Michael Austin*
McDermott Will & Emery LLP
Michael G. Austin (FBN 457205)
maustin@mwe.com
Joseph Wasserkrug (FBN 112274)
jwasserkrug@mwe.com
333 SE 2nd Avenue, Suite 4500
Miami, FL 33131-4336
T: 305.347.6517 | F: 305.675.8403
*Counsel for Defendant*